852 F.2d 566
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Martha Lucia CORREA, Defendant-Appellant.
 No. 87-5169.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 10, 1988.
Decided: July 12, 1988.
 
 Steven E. Kreisberg, for appellant.
 Liam O'Grady, Assistant United States Attorney (Henry E. Hudson, United States Attorney, on brief), for appellee.
 Before K.K. HALL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 CHAPMAN, Circuit Judge:
 
 
 1
 Appellant was convicted of distributing over 5 kilograms of cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. 2. On appeal she claims that the trial judge abused his discretion in refusing to grant her motion for a continuance, that the trial judge abused its discretion in asking one question to her, that the prosecutor committed reversible error in a comment contained in his closing argument, that the jury instructions were improper and that the mandatory sentencing under the Anti-Drug Abuse Act of 1986, which require mandatory minimum sentences for certain offenses, is unconstitutional. We find no merit in any of these claims and we affirm.
 
 
 2
 The evidence was overwhelming that appellant delivered a package, containing 6.5 kilograms of cocaine, to a cocaine distributor in the Northern Virginia-Washington area. Her only defense was that she did not know cocaine was in the package. She contends that she had suffered a miscarriage prior to the trial, that she was still suffering from great pain, and that the trial judge should have granted her motion for a continuance. We find no abuse of the trial judge's discretion in his refusal to do so. The trial judge had the benefit of observing the appellant and also of reviewing her medical records and the physician's statement as to her ability to stand trial.
 
 
 3
 There is no merit to the claim that the judge should not have directed a question to the defendant while she was testifying. The question was neutral in content, and it did not indicate, in any way, that the judge did not believe the appellant's testimony, or that the judge was attempting to assist the prosecution.
 
 
 4
 Likewise, there is no merit to the claim of prejudice because of a statement made in the government's closing argument. No exception was taken to the statement, and we find it was fair comment upon the testimony that had been presented. The appellant contends that the charge on "willful blindness" was prejudicial because it did not contain all of the language contained in Federal Jury Practice and Instructions, Devitt and Blackmar, 3rd. Ed., Vol. I Sec. 14.09 (1977). There was no exception to the charge as given on this point, and the content of the sentence claimed to have been omitted, was fully covered in other parts of the charge.
 
 
 5
 Appellant contends that the sentencing scheme under the Anti-Drug Abuse Act of 1986 is unconstitutional, because it establishes cruel and unusual punishment, and it is so vague as to violate her rights of due process and encourages arbitrary and discriminatory enforcement. We find no merit in these claims. Under the Act, Congress has established mandatory minimum sentences based upon certain factors, including the amount of the illegal drugs involved. Appellant argues that the purity of the substance should have been considered. Congress decided to use quantity rather than quality in establishing the severity of punishment, and this choice does not present a constitutional question.
 
 
 6
 Appellant received a 12 year sentence under the new Act, but she could have received a 20 year sentence under the prior Act. Such a sentence for the distribution of 6.5 kilograms of 66% cocaine is not cruel and unusual. The new Act is not unconstitutionally vague, and sentence enhancement is an accepted instrument in our criminal jurisprudence. See United States v. Williamson, 567 F.2d 610 (4th Cir.1977).
 
 
 7
 AFFIRMED.